UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LUIS GALLARDO, | Case No. 2:24-cv-2981-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| K. GIBBS, *et al.*, | |
| Defendants. | |

Plaintiff, a state inmate, brings this § 1983 action against K. Gibbs, Lt. Mctaggert, Grijalva, and Banuro for violations related to the opening of plaintiff's legal mail. ECF No. 1. The complaint states viable First Amendment claim against Gibbs, Grijalva, and Banuro, but not Mctaggert. Accordingly, plaintiff must decide whether to proceed only with the viable claims, or to delay serving any defendant and to file an amended complaint. I will grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

1  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
2  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
3  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
4  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
5  n.2 (9th Cir. 2006) (en banc) (citations omitted).

6      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
7  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
8  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
9  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
10 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
11 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
12 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

13 **Analysis**

14     The complaint alleges that on March 28, 2024, K. Gibbs, the mailroom supervisor, opened
15 plaintiff's legal mail. ECF No. 1 at 3. The complaint alleges that Gibbs did so to be nosey and to
16 humiliate plaintiff. *Id.* Later, defendant correctional officers Grijalva and Banuro pulled
17 plaintiff's legal mail out of the regular mail bag when they distributed mail. Plaintiff informed
18 the officers that a violation had occurred, and he needed to speak with a supervisor. *Id.* Grijalva
19 and Banuro told plaintiff to wait until he was in the yard to speak with a supervisor. The
20 correctional officers also referenced plaintiff's sexual assault case, leading him to believe that
21 they too had reviewed his legal mail. Once in the yard, plaintiff informed defendant lieutenant
22 Mctaggart what happened with his legal mail, but Mctaggart did nothing to remedy the issue.

23     Plaintiff has potentially stated a First Amendment claim against defendants Gibbs,
24 Grijalva, and Banuro for opening his legal mail outside of his presence. *See Hayes v. Idaho Corr.*
25 *Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (holding that prisoners have "a protected First
26 Amendment interest in having properly marked legal mail opened only in their presence").
27 Plaintiff, however, has not stated a First Amendment claim against Mctaggart. The only
28 allegation against Mctaggart is that he did "not correct his staff or anything even after being put

on notice." ECF No. 1 at 3. There is no allegation that Mctaggart was present when Gibbs opened the mail or when Grijalva and Banuro reviewed the contents of the mail.

Plaintiff may elect to purse his First Amendment claims against Gibbs, Grijalva, and Banuro, or he may file an amended complaint that addresses the deficiencies noted about defendant Mctaggart. Should plaintiff choose to file an amended complaint, Gibbs, Grijalva, and Banuro will not be served until the new complaint is screened. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only with his First Amendment claims against Gibbs, Grijalva, and Banuro, or he must file another amended complaint. If he selects the latter, no defendants will be served until the new complaint is screened.

3. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   February 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3