UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LUIS GALLARDO, Plaintiff, v. K. GIBBS, Defendant. | Case No. 2:24-cv-2981-JDP (P) ORDER |

Defendants moved for summary judgment on July 9, 2026. ECF No. 30. Plaintiff has filed a motion for a ninety-day extension of time, ECF No. 32, wherein he vaguely states that he needs additional discovery to refute defendants' "baseless" claims. *Id.* at 2. Discovery in this case closed on June 9, 2026, ECF No. 29, and plaintiff has not shown good cause for its reopening. Notably, he does not state what discovery is needed or why he did not obtain it while discovery was open. Accordingly, his motion for extension of time, and his more recently filed motion to proceed with reopening discovery, ECF No. 36, are denied. I will, out of an abundance of caution, grant plaintiff an additional thirty days to respond to the pending motion for summary judgment.

I will also deny plaintiff's motion to appoint counsel. ECF No. 33. Plaintiff states that he requires appointment of counsel to obtain certain evidence and that he has a reading disability.

*Id.* at 1-2. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The exceptional circumstances requiring appointment of counsel are not present here. Plaintiff's argument that some evidence is obtainable only if he is granted counsel is unpersuasive. Plaintiff does not explain why he cannot access the video evidence he alludes to without counsel and through the discovery avenues available to him. Nor does he adequately explain why appointment of counsel is necessary to obtain testimony from his proposed inmate witness. Additionally, plaintiff's reading disability does not, at this time, militate in favor of appointing counsel. He has, thus far, capably litigated this action without counsel.

It is ORDERED that:

1. Plaintiff's motion for extension of time, ECF No. 32, and motion to proceed with reopening discovery, ECF No. 36, are DENIED.

2. Plaintiff should file his opposition (or statement of non-opposition) to defendants' motion for summary judgment, ECF No. 30, within thirty days of this order's entry.

3. Plaintiff's motion to appoint counsel, ECF No. 33, is DENIED.

IT IS SO ORDERED.

Dated: September 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE